**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERPOOL, INC. D/B/A TRAC INTERMODAL<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>FOUR HORSEMEN, INC., et al.,<br><br>　　　Defendants. | CIVIL ACTION NO. 16-2490 (MLC)<br><br>**MEMORANDUM OPINION** |

**THE PLAINTIFF** alleges that the defendants Ayeah A. Ayesh, Four Horsemen, Inc., and A&A Exp, Inc.: (1) used plaintiff's marine equipment to move maritime cargo and (2) failed to pay plaintiff the contractual charges for such use, or any other amount. (See dkt. 1.)[1]

**THE PLAINTIFF** requested default in its favor and against the defendants in accordance with Federal Rule of Civil Procedure ("Rule") 55(a). (See dkt. 20.)

**THE CLERK OF THE COURT** has entered default in favor of the plaintiff and against the defendants in accordance with Rule 55(a). (See entry following dkt. 20.)

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers by the designation of "dkt." Pincites reference ECF pagination.

1

**THE PLAINTIFF** now requests the entry of default judgment pursuant to Rule 55(b)(1) against the defendants.[2]  (See dkt. 22.)  Plaintiff requests that default judgment be entered against the defendants, jointly and severally, "in the amount of $490,079.59, plus costs of $164.74 and pre-judgment interest." (See dkt. 22.)  Plaintiff did not provide any calculation of pre-judgment interest.  The proposed orders attached to plaintiff's request are inconsistent with plaintiff's request and identify the damages amount as "$490,644.33, which includes costs of filing this action and service of process in the amount of $164.74." (See dkt. 22-3, 22-4, 22-5.)  The proposed orders are silent with respect to pre-judgment interest.   It is not clear to the Court what damages amount plaintiff is seeking.

**THE DEFENDANTS** have not opposed the motion, even though the return date was August 1, 2016.  The Court's independent review of the relevant Westlaw databases reveals that the defendants do not have pending petitions for bankruptcy protection, and thus the defendants could have responded to the motion.

**THE COURT** will decide the motion without oral argument.  See L.Civ.R. 78.1(b).  The decision to either enter judgment by default or refuse to enter such judgment rests in the Court's discretion.  See Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  The Court will deny the motion without prejudice, because it is not clear to the Court what damages amount plaintiff is seeking.  In addition, the Court's review of

---

[2] The Court notes that plaintiff has not properly moved pursuant to Rule 55(b)(2) for entry of judgment by default in its favor against the defendants. (See dkt. 22.)  The Court also directs plaintiff's attention to L.Civ.R. 7.1 entitled "Application and Motion Practice."

the supporting papers reveals that plaintiff has failed to fully document the damages and costs it seeks.  Plaintiff has submitted proof of service of process costs only in the amount of $130.00. (See dkt. 22-2.) Yet, plaintiff has sought $164.74 in costs for that expense item.  The Court will issue an appropriate order.

  s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

**Dated:** September 27, 2016