**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERPOOL, INC. D/B/A TRAC INTERMODAL, | : : : : | CIVIL ACTION NO. 16-2490 (MLC)(LHG) |
| Plaintiff, | : : | **MEMORANDUM OPINION** |
| v. | : : | |
| FOUR HORSEMEN, INC., et al., | : : | |
| Defendants. | : : | |

**COOPER, District Judge**

This matter comes before the Court on Plaintiff Interpool, Inc. d/b/a Trac Intermodal's ("Plaintiff") unopposed motion for default judgment pursuant to Fed. R. Civ. P. 55(b), against Defendants Ayeah A. Ayesh ("Ayesh"), Four Horsemen, Inc. ("Four Horsemen"), and A&A Exp, Inc. ("A&A") (collectively, "Defendants"). (Dkt. 27.)[1]  The Court has reviewed all submissions made in support of the motion, and decides the motion without oral argument.  See L. Civ. R. 78.1(b).  For the reasons that follow, Plaintiff's motion is granted.

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers by the designation of "dkt."  Pincites reference ECF pagination.

**BACKGROUND**

Plaintiff initiated this action against Defendants, alleging that the Defendants breached a maritime contract with Plaintiff by utilizing Plaintiff's chassis[2] to move maritime cargo without compensating Plaintiff. (See dkt. 1.) Defendants failed to timely respond, and Plaintiff moved for entry of default. (See dkt. 20.) The Clerk of the Court entered default in favor of the Plaintiff in accordance with Fed. R. Civ. P. 55(a). (See entry following dkt. 20.) Plaintiff then moved for entry of judgment by default against the Defendants, jointly and severally, "in the amount of $490.079.59, plus costs of $164.74 and prejudgment interest." (Dkt. 22.) We denied Plaintiff's motion, without prejudice, because Plaintiff failed to fully document its damages and costs. (See dkt. 25, dkt. 26.) Subsequently, Plaintiff filed an amended motion for entry of judgment by default with additional supporting documentation. (See dkt. 27, dkt. 28.)

Before resolving Plaintiff's amended motion for entry of judgment by default, we ordered Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction.[3] (See dkt. 29.) We invited Plaintiff to assert an alternative basis for jurisdiction to prevent the action from being dismissed if we were to find admiralty jurisdiction lacking. (See id.) Plaintiff responded, arguing that this Court has both

---

[2] A chassis is a rubber-tired trailer under-frame on which a container is mounted for street or highway transport.

[3] In its complaint, Plaintiff invoked this Court's admiralty jurisdiction conferred by 28 U.S.C. § 1333. Plaintiff also asserted jurisdiction pursuant to 28 U.S.C. § 1330, which authorizes the court to adjudicate actions against foreign states. We believe that Plaintiff's assertion pursuant to 28 U.S.C. § 1330 was in error.

admiralty jurisdiction and diversity jurisdiction.  (See dkt. 30.)  We concluded that admiralty jurisdiction was lacking because the primary objective of the contract at issue was to provide equipment to a carrier for land based transportation.  (See dkt. 31.)  Accordingly, we granted our order to show cause.  (See dkt. 32.)  We did not dismiss the action because we concluded that we have diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (See id.)  Although we were satisfied that diversity jurisdiction was proper, we questioned whether we had personal jurisdiction over the Defendants that would allow us to resolve Plaintiff's motion for entry of default judgment.  (See dkt. 33.)  Accordingly, we ordered Plaintiff to show cause why the action should not be dismissed for lack of personal jurisdiction.  (See id.)  Plaintiff responded, arguing that we have specific jurisdiction over the Defendants.  (See dkt. 34.)  Based on the representations of Plaintiff regarding Defendants' activities in this district, we agreed and vacated our order to show cause.  (See dkt. 35.)

Having exercised our affirmative duty to look into our jurisdiction over both the subject matter and the parties, we may now turn to the merits of Plaintiff's unopposed motion for default judgment.

## DISCUSSION

**I.     Legal standard**

"Once a party has defaulted, the consequence is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165

n. 6 (3d Cir. 2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering default judgment, the court must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." Moroccanoil, Inc. v. JMG Freight Grp. LLC, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 522 (3d Cir. 2006).

## II.   Analysis

### A.   Jurisdiction and service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" HICA Educ. Loan Corp. v. Surikov, No. 14-145, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting Ramada Worldwide, Inc. v.

4

Benton Harbor Hari Ohm, L.L.C., No. 08-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

### i. Subject matter jurisdiction

To establish diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy that exceeds the statutory threshold. Schneller v. Crozer Chester Med. Ctr., 387 Fed. App'x 289, 292 (3d Cir. 2010). Here, Plaintiff is a Delaware corporation with its principal place of business in New Jersey. (Dkt. 1 at 2; dkt. 30; dkt. 34.) The complaint indicates that Ayeah A. Ayesh is a resident of Illinois and that Four Horsemen, Inc. and A&A Exp, Inc. are both Illinois corporations with principal places of business in Illinois. (Dkt. 1 at 2.) Damages are alleged in excess of $75,000. (See id.) Accordingly, the Court has diversity jurisdiction here because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the statutory threshold.

### ii. Personal Jurisdiction

Because the record fails to disclose any basis to exercise general jurisdiction over the Defendants, the Court must consider whether this suit "arises out of or relates to the defendants' [specific] contacts with the forum." Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Establishing specific jurisdiction involves a three-part inquiry: (1) whether the defendants purposefully directed their activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the

exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice.  O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007).

The allegations of the complaint and Plaintiff's submissions in response to the Court's orders to show cause reflect that the Defendants directed their activity toward this forum.  (See dkt. 1; dkt. 30; dkt. 34.)  The Defendants contracted with consignees located in this forum and utilized Plaintiff's chassis to deliver cargo to these consignees.  (Dkt. 34 at 3.)  Defendants also delivered cargo to the Port of New Jersey, utilizing Plaintiff's chassis.  (Id.)

Further, the suit against the Defendants arises out of these contacts.  Plaintiff's claim stems directly from the Defendants' failure to pay for the equipment that allowed it to perform its obligations within this forum.  (See id.)  Thus, the undisputed facts show that Plaintiff's claim and Defendants' contacts with New Jersey are sufficient to establish specific jurisdiction, and the Court finds that allowing Defendants to be sued in New Jersey does not offend traditional notions of fair play and substantial justice.

### iii.     Sufficiency of proof of service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant[s]."  Teamsters Pension Fund of Phila., 2011 WL 4729023, at *2 (citing Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985)).  Defendants Four Horsemen and A&A are corporations that may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service

of process." Fed. R. Civ. P. 4(h)(1)(B). Defendant Ayesh, an individual, may be served by "delivering a copy of the summons and of the complaint to [him] personally." Id. at 4(e)(2)(A).

Here, Ayesh was personally served with the summons and complaint that was addressed to him. (See dkt. 15-3.) Ayesh was also served with the summons and complaint directed to Four Horsemen and A&A. (See dkt. 15-1; dkt. 15-2; dkt. 15-4; dkt. 15-5.) According to the complaint, Ayesh is the president and/or principal of Four Horsemen and A&A, and therefore, may accept service on their behalf. (Dkt. 1 at 2.) As such, the Court finds that the Defendants were properly served.

    **B.**    **Sufficiency of Causes of Action and Damages**

Plaintiff alleges a cause of action for breach of contract seeking damages for the principal amount of $490,079.59, costs of $563.36, and prejudgment interest. (See dkt. 28.) "To establish a breach of contract claim, a plaintiff has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." Murphy v. Implicito, 392 N.J. Super 245, 265 (App. Div. 2007).

Here, Plaintiff adequately pleaded the elements of a breach of contract. Plaintiff pleaded (1) the existence of a valid contract between Plaintiff and Defendants; (2) that Defendants breached the contract without Plaintiff's consent; and (3) that Plaintiff was harmed by Defendants' breach through nonpayment. Plaintiff has adequately submitted proof of damages through an affidavit and exhibits demonstrating that the principal amount of $490,079.59 and costs of $563.36 are owed. (See dkt. 22; dkt. 23).

Accordingly, Plaintiff has sufficiently alleged a cause of action for breach of contract establishing Defendants' liability and damages owed for purposes of this default judgment motion.

### C. Default judgement

"Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Teamsters Pension Fund of Phila., 2011 WL 4729023, at *4 (quoting Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008)).

Here, all three factors weigh in favor of entering default judgment. First, considering that Defendants have not responded in this matter, "Defendant[s] ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." HICA Educ. Loan Corp., 2015 WL 273656, at *3. Additionally, there is nothing on the face of the complaint indicating that a meritorious defense is available. Second, Plaintiff has been prejudiced by Defendants' failure to answer. Without a default judgment, "Plaintiff has no other means of seeking damages for the harm allegedly caused by Defendant[s]." Gowan v. Cont'l Airlines, Inc., No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Lastly, Defendants' failure to answer, without providing any reasonable explanation, demonstrates their culpability in the default. See Days Inns Worldwide, Inc. v. Mangur LLC, No. 15-2027, 2016 WL 845141, at *4 (D.N.J. Mar. 4, 2016).

For those reasons, the Court finds that default judgment is warranted.

### D. Remedies

Plaintiff seeks the following forms of compensation: $490,079.59 in outstanding fees for its leasing services, $563.36 in costs, and $7,189.47 in prejudgment interest (calculated through October 3, 2016), which continues to accrue at a rate of $46.99 per diem. (See dkt. 25.)

In considering the amount of damages, where the plaintiff seeks damages in a sum certain, the Court may rely upon detailed affidavits, without resorting to a hearing. Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994); Golia v. IBCS Group, Inc., No. 14-2577, 2015 WL 1914652, at *4 (D.N.J. April 27, 2015). Plaintiff has submitted a detailed affidavit of Karen Wolcott, Plaintiff's Manager of Credit, Claims and Litigation. (See dkt. 27-1.) The documentary evidence accompanying Ms. Wolcott's affidavit adequately supports the amount of $490,079.59 in outstanding fees for services rendered. (See id.) Plaintiff has also adequately documented its costs, which the Court finds to be reasonable. (See dkt. 27-2; dkt. 27-3.)

In a diversity action, we apply state law in determining prejudgment interest. Jarvis v. Johnson, 668 F.2d 740,746 (3d Cir. 1982). Under New Jersey law, a "district court may exercise [its] discretion [to award prejudgment interest] upon 'considerations of fairness' and prejudgment interest may be denied 'when its exaction would be inequitable.'" Thabault v. Chait, 541 F.3d 512, 533 (3d Cir. 2008) (quoting Ambromovage v. United Mine Workers of Am., 726 F.2d 972, 982 (3d Cir. 1984)). "[T]he purpose of prejudgment interest is to 'compensate the plaintiff for the loss of

9

income that would have been earned on the judgment had it been paid earlier.'" Id. (quoting Ruff v. Weintraub, 519 A.2d 1384, 1390 (N.J. 1987). "[T]he award of prejudgment interest on contract and equitable claims is based on equitable principles." County of Essex v. First Union Nat'l Bank, 891 A.2d 600, 608 (N.J. 2006). Further, "[t]he trial court is vested with substantial discretion to award or deny prejudgment interest in contract cases . . . ." P.F.I., Inc. v. Kulis, 832 A.2d 931, 936 (N.J. Super. Ct. App. Div. 2003).

Although Plaintiff has provided the Court with a calculation of prejudgment interest, (see dkt. 27-2), Plaintiff has not provided any supporting documentation showing its entitlement to prejudgment interest. As a result, the Court will not award prejudgment interest in this case. See Interstate Realty Mgmt. Co. v. PF Holdings, LLC, No. 16-4095, 2017 WL 53707, at *3 (D.N.J. Jan. 4, 2017) ("Interest in a contract case derives from the provision for interest in the contract itself, and no such clause providing for pre-judgment interest is in the record. Accordingly, no pre-judgment interest will be awarded.") However, interest on an unpaid federal judgment will accrue in the future pursuant to 28 U.S.C. § 1961 at the federal post-judgment interest rate prevailing when the judgment was entered.

## CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's motion for default judgment, and the Court will enter default judgment against Defendants and in favor of Plaintiffs in the amount of $490,642.95, consisting of $490,079.59 in total damages, no prejudgment interest, and $563.36 in costs. The Court will issue an appropriate Order.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:** March 24, 2017